# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| KENNETH A. BOWMAN and ) <br> COMMERCIAL BANK, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ASSURANCE COMPANY OF AMERICA, ) <br> ) <br> Defendant. ) | No. 3:07-cv-388 <br> (Phillips) |

## MEMORANDUM AND ORDER

On November 20, 2008, plaintiff Commercial Bank filed a motion to enforce settlement agreement [Doc. 9]. Commercial Bank seeks to enforce a settlement agreement against its co-plaintiff, Kenneth A. Bowman ("Bowman"), to sign a release and covenant not to sue in return for disbursement of additional insurance funds by defendant Assurance Company of America ("Assurance Company"). Bowman did not respond to the motion or to an Order to Show Cause [Doc. 10] issued by this court, directing him to show cause on or before January 23, 2009 as to why the motion to enforce settlement should not be granted.

For the reasons that follow, Commercial Bank's motion to enforce [Doc. 9] is **GRANTED**.

## I. BACKGROUND

Plaintiff Bowman secured a loan from plaintiff Commercial Bank with a principal amount of $164,000 to construct a home in Powell, Tennessee. At all relevant times, the property was insured by defendant Assurance Company. When construction was 80-90% complete, however, the structure was destroyed by fire. After lengthy negotiations regarding the extent of the insurance

-1-

coverage, on or about April 26, 2007, defendant issued a check to plaintiffs in the amount of $115,640.94, asserting that this amount constituted full compensation for the loss sustained. After receiving assurances that cashing the check would not constitute an accord and satisfaction of the dispute, the plaintiffs cashed the check and applied the proceeds to the outstanding loan debt. Plaintiffs then initiated this suit in the Circuit Court of Knox County, Tennessee, seeking additional insurance compensation for the loss. Defendant removed the action to this court on October 9, 2007.

After defendant answered the complaint, no further action was taken. Accordingly, on October 17, 2008, the court issued an Order to Show Cause [Doc. 7], ordering plaintiffs to show cause why this action should not be dismissed for failure to prosecute. Plaintiff Commercial Bank responded, asserting that the parties had reached a settlement but that plaintiff Bowman refused to execute the necessary documentation to complete the terms of the settlement. The instant motion to enforce followed. Bowman failed to timely respond to the motion; accordingly, on January 9, 2009, the court entered an Order to Show Cause [Doc. 10], this time directing Bowman to respond to the motion to enforce settlement on or before January 23, 2009. Bowman again failed to respond.

## II. ANALYSIS

This court has jurisdiction to enforce the settlement, if so warranted, because the action was never dismissed. *Cf., e.g.*, *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 640-45 (6th Cir. 2001); *Henley v. Cuyahoga County Bd. of Mental Retardation & Developmental Disabilities*, 141 F. App'x 437, 441-42 (6th Cir. 2005). "Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms." *RE/MAX Int'l*, 271 F.3d at 645-46. While "ordinarily the district court must hold an evidentiary hearing where facts material to an agreement are disputed," the court may summarily enforce a settlement agreement "where an agreement is clear

and no issue of fact is present." *Bobonik v. Medina Gen. Hosp.*, 126 F. App'x 270, 273-74 (6th Cir. 2005). "The district court's power to summarily enforce settlements extends to cases where the parties' agreements are not in writing and even to those settlement agreements made off the record, not in the presence of the court." *Henley*, 141 F. App'x at 442; *see also, e.g.*, *RE/MAX Int'l*, 271 F.3d at 646. Moreover, "[t]he existence of a valid settlement agreement 'is not diminished by the fact that the parties have yet to memorialize the agreement.'" *Henley*, 141 F. App'x at 442 (quoting *RE/MAX Int'l*, 271 F.3d at 646).

Given that plaintiff Bowman has failed to oppose the motion, despite the additional opportunity to respond upon the Order to Show Cause, the court finds that he has waived any opposition to the factual recitations in Commercial Bank's motion. Accordingly, the court may accept the factual recitations as true and summarily enforce the agreement if appropriate. From the facts stated by Commercial Bank, the court finds that a valid agreement was reached, and accordingly Commercial Bank's motion is well-taken. Mr. Bowman is obligated by agreement to sign the Release and Covenant Not to Sue; in return, defendant Assurance Company will disburse settlement funds to be applied to the outstanding indebtedness owed Commercial Bank. Mr. Bowman's refusal to sign and return the release and covenant not to sue will not serve to impede the implementation of the terms of the agreement.

### III. CONCLUSION

In sum, for good cause stated, plaintiff Commercial Bank's motion to enforce settlement agreement [Doc. 9] is **GRANTED**, whereby plaintiff Kenneth A. Bowman shall sign and return the Release and covenant not to sue and defendant Assurance Company of America shall disburse the appropriate funds accordingly. Upon completion of the terms of the settlement agreement, the

-3-

Case 3:07-cv-00388 Document 12 Filed 02/06/09 Page 3 of 4 PageID #: 23

parties shall file a stipulation and proposed order of compromise and dismissal with the court.

**IT IS SO ORDERED**.

**ENTER:**

_s/ Thomas W. Phillips_
United States District Judge